{¶ 49} While I concur with Part II of the majority opinion regarding the default judgment, I respectfully dissent with Part III, regarding the dismissal judgment, because the complaint sets forth facts, which if proven true, entitle Smith to recovery. For a trial court to dismiss a case pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from thecomplaint that the plaintiff can prove no set of facts entitling him to recovery." (Emphasis added.) O'Brien, supra at paragraph two of the syllabus. When faced with a Civ.R. 12(B)(6) motion, the trial court must presume that all factual allegations in the complaint are true and consider all reasonable inferences in favor of the nonmoving party. Id. at 245.
 {¶ 50} The trial court found that the statute of limitations had already expired at the time Smith filed the complaint and dismissed the case. Appellees provided two bases for this finding: (1) the statute of limitations began to run when Smith had knowledge of the wrongdoer's identity and (2) the complaint contains language proving that Smith had knowledge of the conversion in 1991 or 1992. The first basis is simply an illogical argument. If Smith was not aware of the conversion of his personal property, it simply does not matter that he knew the names of the wrongdoers prior to his discovery of the conversion. Without knowledge of the conversion, Smith did not have knowledge of a cause of action and, therefore, could not file suit. Moreover, the Ohio Supreme Court has ruled that, pursuant to R.C. 2305.09(B), the statute of limitations tolls until the plaintiff has either actual or constructive knowledge of thewrongdoing. Hambleton, supra, at 181. If Smith proves that he had neither actual nor constructive knowledge until 2000, his suit is timely. Whether and when Smith had actual or constructive knowledge of the conversion is a question of fact, the existence of which makes dismissal under Civ.R 12(B)(6) improper.
 {¶ 51} With respect to the second basis, Smith's complaint does contain language that can be interpreted to contradict his claim that he filed within the statute of limitations period. However, the complaint also explicitly states: "over 8 years later plaintiff was transferred back to the Southern Ohio Correctional Facility (S.O.C.F) * * *. Plaintiff came into contact with ASBELL's natural brother PATRICK SKAGGS * * *. Patrick Skaggs then informed plaintiff that Asbell and Myrtle Skaggs (his mother) had recently visited him * * * and that they informed him that Defendants had liquidated, sold off, destroyed, and gave away all of plaintiff's said property. Plaintiff only became aware of this as of June 2000." Attached to the complaint is an affidavit signed by Patrick Skaggs attesting to the same.
 {¶ 52} The complaint expressly states that Smith only became aware of the conversion in June 2000. Only one sentence in the complaint even tends to contradict these averments, thus making the trial court's judgment erroneous. The complaint contains two express averments that Smith was not aware of the conversion until June 2000 and one signed affidavit from a witness attesting to the same.
 {¶ 53} The trial court was obligated to construe all reasonable inferences in favor of Smith. The reasonable inference from the one sentence tending to contradict the statute of limitations claim is that it was the result of poor drafting and Smith intended it to merely claim that Asbell converted his property despite his instructions to her. Given the entire tenor of the complaint, along with the explicit averments regarding the statute of limitations, it is unreasonable to infer that one sentence negates Smith's express averments to the contrary.
 {¶ 54} Moreover, Robin and Phillip's motion included evidence outside the complaint. The trial court was obligated to either convert the motion into a motion for summary judgment or deny it for containing such evidence. Because the trial court failed to do either, its judgment is erroneous and should be reversed. I do not find this error harmless because it is impossible to determine from the trial court's judgment entry what evidence and information it used to arrive at its opinion and the evidence attached to the motion was extraordinarily pertinent to whether the statute of limitations had expired. In fact, without the outside evidence, the trial court could not reasonably conclude that the statute had tolled.
 {¶ 55} For the foregoing reasons, I respectfully dissent.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.
Kline, J.: Dissents with Dissenting Opinion.